UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| ERVIN J. BEST | : | |
| Debtor | : | Bankruptcy No. 08-17185bf |
| ERVIN J. BEST | : | |
| Plaintiff | : | |
| v. | : | |
| DAVID A. GALLOWAY, STEVEN L. LANGE, AMERICAN RESIDENTIAL EQUITIES XXXXI LLC, JOHN D. GREEN, solely in his official capacity as sheriff of the City of Philadelphia, and WILLIAM C. MILLER, standing chapter 13 trustee | : : : : | |
| Defendants | : | Adversary Proc. No. 09-0048 |

....................................................

MEMORANDUM

....................................................

Presently before me is the motion of the plaintiff/debtor, Ervin J. Best, to "reconsider, vacate and amend order of June 12, 2009 . . . dismissing count II of plaintiff's amended complaint. . . ." This motion is opposed by defendants David A. Galloway and Stephen L. Lange.

Count II of the amended complaint is a claim asserted by the debtor under 11 U.S.C. § 544(a)(3). This claim seeks to avoid a sheriff's deed issued to defendants Galloway and Lange and duly recorded prior to the debtor's bankruptcy filing. I concluded in a memorandum and order dated June 12, 2009 that the debtor failed to state

a cause of action thereby warranting dismissal of that claim.  The debtor's current motion argues that my earlier analysis "is an incorrect statement of law."  Motion, ¶ 4, at 3.  The defendants contend that the debtor's proffered legal analysis is wrong, and that he fails to offer any basis for relief under Fed. R. Bankr. P. 9023.

I.

Federal Rule of Civil Procedure 59(e), incorporated into bankruptcy matters by Fed. R. Bankr. 9023, allows the court to revisit a judgment to correct "manifest errors of law or fact or to present newly discovered evidence."  Blue Mountain Mushroom Co., Inc., v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Relief under Rule 59(e) is committed to the trial court's discretion.  See Nutrition Management Services Co. v. Harborside Healthcare Corp., 181 Fed. Appx. 315, 318 (3d Cir. 2006) (non-precedential); Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984).

A motion under Rule 59(e) may be granted on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the challenged judgment or order was entered; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See, e.g., Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Here, as count II was dismissed for failure to state a cause of action, the debtor does not argue that there is newly discovered evidence. Nor does he contend that there has been an intervening change in controlling legal principles. Instead, as noted earlier, he maintains that the earlier dismissal was based upon "clear error of law."

For the following reasons, I agree with defendants Galloway and Lange that my earlier dismissal of count II did not constitute clear error of law.

II.

As noted in the June 12th memorandum, the following facts pled in the amended complaint are relevant to count II.

On January 19, 1999, Ameriquest Mortgage Company obtained a mortgage on Mr. Best's real property located at 3422 West Allegheny Avenue, Philadelphia, Pennsylvania. That mortgage fell into default, and on July 15, 2004 Ameriquest commenced a foreclosure action in the Philadelphia Court of Common Pleas against the West Allegheny Avenue property. On September 7, 2004, a judgment in foreclosure was entered by default. On December 2, 2004, after entry of the foreclosure judgment, Ameriquest assigned its mortgage (but not its foreclosure judgment, see generally Trapp v. Laffey, 349 Pa. 160, 161 (1944) (judgment assignee proceeds with sheriff sale)) to defendant American Residential Equities XXXXI LLC. That mortgage assignment was then recorded. But see Lance v. Mann, 360 Pa. 26 (1948) (under Pennsylvania law, a mortgage merges into a foreclosure judgment); In re Stendardo, 991 F.2d 1089, 1097 (3d Cir. 1993) ("The Mortgage ceased to exist when judgment was entered."). Thereafter,

3

American Residential, through its agent Select Portfolio Servicing, sent notices to Mr. Best and communicated with him via telephone. Mr. Best avers that among those communications was a notice informing him of his right to cure his mortgage delinquency within thirty days.

Mr. Best asserts that on March 8, 2005, without prior notice to him, the Sheriff of Philadelphia County conducted a foreclosure sale of the West Allegheny Avenue property based upon Ameriquest's judgment in foreclosure and the writ of execution issued thereupon by the judgment plaintiff.[1] The West Allegheny Avenue property was purchased at this foreclosure sale by Messrs. Galloway and Lange, neither of whom is alleged to have any connection with Ameriquest or American Residential Equities XXXXI LLC. The sheriff then issued a deed dated May 21, 2005, to Messrs. Galloway and Lange, purporting to convey to them title to 3422 West Allegheny Avenue. The movants recorded the deed on June 21, 2005. On October 31, 2008, more than three years after the sheriff's deed was recorded, Mr. Best filed the above-captioned voluntary chapter 13 bankruptcy petition.

The amended complaint raised two counts against defendants Galloway and Lange. In count I of the complaint, Mr. Best sought a declaratory judgment that any interest in the West Allegheny Avenue property claimed by Messrs. Galloway and Lange is invalid—because it is based on a deed that was obtained after a sheriff's sale that was conducted without authority under Pennsylvania law—and that the realty is therefore property of the debtor's chapter 13 bankruptcy estate. The debtor maintains that because

---

[1] In its answer to the amended complaint, defendant American Residential Equities asserts that the foreclosure sale occurred on March 1, 2005.

Ameriquest assigned its mortgage to American Residential, only the assignee could authorize a foreclosure sale under Pennsylvania law. Therefore, the sheriff's deed recorded by defendants Galloway and Lange conveyed no property interest of the debtor. Amended Complaint, ¶ 107. But see Cancilla v. Bondy, 353 Pa. 249, 251 (1945) (mortgagee obtains judgment on May 26, 1941, assigns mortgage on July 12, 1941, and proceeds with sheriff sale on September 5, 1941).

For reasons that I will not now repeat, I granted the defendants' request to abstain from adjudicating count I. Litigation raising the same issues as posed in count I is pending before the state court, and had been initiated in 2007.

The debtor's amended complaint expressly denotes that count II is raised only in the alternative. Therein, the debtor requested that this court: "avoid" the defendants' sheriff's deed pursuant to 11 U.S.C. § 544(a)(3); preserve the avoided transfer for the benefit of the estate pursuant to 11 U.S.C. § 551 and for the benefit of the debtor to the extent of his exempt equity pursuant to 11 U.S.C. § 522(i);[2] recover the property pursuant to 11 U.S.C. § 550(a)(1) by compelling Messrs. Galloway and Lange to convey the property to the debtor; and impose a lien on the property in favor of Messrs. Galloway and Lange in the amount of $46,000 (the amount they allegedly paid at the foreclosure sale).

Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of

---

[2]Chapter 13 debtors can utilize the trustee's powers under section 544 to the extent provided by section 522(g) and (h). The latter provisions concern property that can be claimed by the debtor as exempt. See, e.g., In re Steiner, 251 B.R. 137, 140 (Bankr. D. Ariz. 2000); 5 Collier on Bankruptcy, ¶ 544.02, at 544-5 (15th ed. rev. 2008).

5

> any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Subsection (a)(3) was added in 1978 by the Bankruptcy Reform Act without significant legislative history. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 370 (1977). "As a hypothetical bona fide purchaser, the trustee under this subsection is deemed to have conducted a title search, paid value for the property and perfected its interest as legal title holder as of the date of the commencement of the case." 5 Collier on Bankruptcy, ¶ 544.06 (15th ed. rev. 2009) (footnote omitted).

        To the extent that the debtor is correct in his contention in count I that the sheriff's deed failed to convey to Messrs. Galloway and Lange any interest in his real estate, because the deed "was void ab initio and a nullity under applicable Pennsylvania law," Debtor's Memorandum, at 1, then count II fails to state a cause of action. Section 544 avoids only prepetition transfers by the debtor of an interest in property. See, e.g., In re Halabi, 184 F.3d 1335, 1337 (11th Cir. 1999). Therefore, if no property interest of the debtor was conveyed to these two defendants, there can be no transfer to avoid under section 544(a)(3) and no cause of action stated. See, e.g., id.; In re Seibold, 351 B.R. 741, 746 (Bankr. D. Id. 2006).

        Conversely, if the sheriff's sale did indeed convey the debtor's interest in his realty to the defendants, for the reasons that follow section 544(a)(3) does not afford the debtor here any relief.

III.

Section 544(a)(3) grants a trustee (and a debtor authorized to use this provision) "as of the date of the petition's filing . . . the rights of a bona fide purchaser when, as in this case, real property is at issue." In re Bridge, 18 F.3d 195, 199 (3d Cir. 1994). Although federal bankruptcy law establishes the bona fide purchaser status of the trustee, the trustee's rights in that capacity are fixed by relevant state law: "the trustee's powers under § 544(a) are subject to the law of the locus of the property." Id., at 200; see McCannon v. Marston, 679 F.2d 13, 15-16 (3d Cir. 1982).

Thus, application of section 544(a)(3) must consider whether, under Pennsylvania law, a bona fide purchaser of the West Allegheny real estate from the debtor on the date of the debtor's bankruptcy filing would defeat the ownership claim of defendants Lange and Galloway despite the existence of a recorded sheriff's deed in their favor.

In McCannon v. Marston, the Third Circuit held that under Pennsylvania common law a bona fide purchaser of real estate does not defeat the property interests of one in open possession of the realty:

> [I]n Pennsylvania, clear and open possession of real property generally constitutes constructive notice to subsequent purchasers of the rights of the party in possession. Such possession, even in the absence of recording, obliges any prospective subsequent purchaser to inquire into the possessor's claimed interests, equitable or legal, in that property.

Id., at 16.

Furthermore, the Third Circuit also instructed that Pennsylvania statutory law provides that "[r]ecord notice defeats the claims of a subsequent purchaser." Id. This follows because, pursuant to state law, a purchaser has constructive notice of all properly recorded interests. See, e.g., 21 P.S. § 357[3] (recording of deed places a party upon constructive notice of property interest); Mid-State Bank and Trust Co. v. Globalnet Int'l, Inc., 557 Pa. 555, 565 (1999) ("A party is on constructive notice of another's interest in real property where the party 'could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds.'") (quoting Lund v. Heinrich, 410 Pa. 341, 346 (1963)); Volunteer Fire Co. of New Buffalo v. Hilltop Oil Co., 412 Pa. Super. 140, 150 (1992). Thus, recordation precludes bona fide purchaser status that would trump the prior recorded interest. See, e.g., Poffenberger v. Goldstein, 776 A.2d 1037, 1042 (Pa. Cmwlth. 2001); see generally In re Marlar, 252 B.R. 743, 753 (B.A.P. 8th Cir. 2000) (section 544(a)(3) cannot be used to invalidate a recorded property interest under

---

[3] 21 P.S § 357 provides:

The legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid.

Arkansas law, even though the property transfer was constructively fraudulent under state law).

Although a property interest based upon an unrecorded deed may be defeated by a subsequent bona fide purchaser without actual or constructive notice of such interest, see 21 P.S. § 351;[4] Poffenberger v. Goldstein, 776 A.2d at 1042; Long John Silver's Inc. v. Fiore, 255 Pa. Super. 183, 190 (1978); see also In re Aulicino, 400 B.R. 175, 185 (Bankr. E.D. Pa. 2008), in this adversary proceeding, Mr. Best concedes that Messrs. Lange and Galloway had recorded their sheriff's deed to the realty long before he filed his bankruptcy petition. Such recordation, which is not alleged to be

---

[4]This statutory provision states:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.

9

defective in that it had been properly signed and acknowledged, would place any bona fide purchaser on constructive notice of their property interest.

Despite this, Mr. Best now argues in the instant motion that the property interests of one who has a duly recorded deed can be defeated by a subsequent bona fide purchaser based upon the post-judgment, pre-sheriff sale mortgage assignment mentioned above. In so arguing, he relies upon five reported decisions. For the reasons detailed below, I find all five decisions inapposite, and further conclude that a bona fide purchaser from the debtor would have no greater right to challenge the ownership interests of these two defendants than the debtor himself now has, owing to the protection Pennsylvania law gives to purchasers at execution sales.

### IV.

Pennsylvania's "development of proprietary rules of law relating to sheriff's sales," including the rights of a purchaser at a sheriff sale, "have their roots in a bastion of appellate cases published in the 19th and early 20th Century, but the passage of time has not altered their continued vitality." Wells Fargo Bank, N.A. v. Long, 934 A.2d 76, 81 (Pa. Super. 2007). As explained by the Pennsylvania Superior Court, such a purchaser receives the property interest held by the judgment defendant, if any:

> A sheriff's sale is made without warranty; the purchaser takes all the risk, and the rule of caveat emptor applies in all its force. See Taylor v. Bailey, 323 Pa. 278, 284, 185 A. 699, 702 (1936); Smith v. Painter, 5 Serg. & Rawle 223, 224 (1819). The purchaser at such a sale receives all the right, title, and interest in the property that the judgment debtor held, see Bangor Park Association Case, 370 Pa. 442, 446, 88 A.2d 769, 772 (1952); Taylor v. Bailey, supra at 284, 185 A. at 702;

> 13 Standard Pa. Practice 2d § 73:45 (1983); 22 id. § 121:102 (1984), and the rights of the purchaser become fixed when the property is knocked down to the highest bidder. See Bradley v. Price, 17 D. & C.2d 368, 372 (1952), aff'd, 396 Pa. 234, 152 A.2d 904 (1959); 22 Standard Pa. Practice 2d § 121:103. If the debtor had no rights in the property at the time of the sheriff's sale, however, no title passes to the purchaser. See Bangor Park Association Case, supra at 446, 88 A.2d at 772; DiCarlo v. Licini, 156 Pa. Superior Ct. 363, 367, 40 A.2d 127, 129-30 (1944).

CSS Corp. v. Sheriff of Chester County, 352 Pa. Super. 256, 259 (1986) (footnote omitted).

Accordingly, when the judgment debtor has no property interest that can be transferred or subjected to execution, a sheriff sale in Pennsylvania conveys no interest to the purchaser. See, e.g., Runco v. Ostroski, 361 Pa. 593 (1949) (a sheriff sale passed only the one-third property interest then held by the judgment debtor); Snyder v. Christ, 39 Pa. 499 (1861) (where the judgment debtor had only a life estate that was not executed upon, the sheriff sale did not divest that property interest); CSS Corp. v. Sheriff of Chester County, 352 Pa. Super. at 260 (property sold at a sheriff sale divested the judgment debtor of all interest; thus, a second sheriff sale did not convey any title to the subsequent purchaser); 13 Standard Pennsylvania Practice 2d, § 75:51 (2009).

To the extent that the sheriff's deed does convey the judgment debtor's interest, the purchaser at the sheriff sale may be treated as a bona fide purchaser for value. See generally 5 Tiffany Real Property, § 1552 (2008). As such, a purchaser at a sheriff sale takes title subject to constructive notice of property interests belonging to third parties not extinguished by the sale under state law. See Smith v. Miller, 289 Pa. 184, 189 (1927); Hoyt v. Koons, 19 Pa. 277 (1852). In general, however,

> the purchaser acquires title free of any defects not apparent on the record, even if the purchaser is the foreclosing mortgagee. A purchaser at a mortgage foreclosure sale takes the property under the state of the record as it exists at the time of the sale, and the purchaser is not required to look beyond the record in determining what he or she will bid nor can he or she take advantage of any fact outside of the record to discharge the land from the lien of the mortgage.

22 Standard Pennsylvania Practice 2d, § 121:119 (2009) (footnotes omitted); see, e.g., Gould v. Saunders, 134 Pa. 445, 460-61 (1890) ("A purchaser at a sheriff's sale of lands sold upon execution to satisfy a judgment is ordinarily charged with the inspection of the record of that judgment and of the execution, and is, in general, affected with notice of any rights which it plainly discloses."); Murray v. Weigle, 118 Pa. 159, 164 (1888) (even though a mortgage made by a guardian may be invalid, "a purchase[r] at sheriff's sale of the mortgaged premises . . . was not bound to look beyond the judgment on the mortgage"); Armstrong County Building & Loan Ass'n v. Guffey, 132 Pa. Super. 19, 26 (1938) ("A purchaser of real estate at a foreclosure sale acquires a title clear of any defects not apparent on the face of the record even though he is the foreclosing mortgagee.") (citations omitted).

Indeed, by focusing upon the state of the record at the time of a sheriff sale, the Pennsylvania Supreme Court held that satisfaction of the claim of the judgment plaintiff after the sheriff sale occurred but before the deed was recorded did not defeat the purchaser's title:

> But the question here is as to the satisfaction entered on the judgment several months after the sale, but before the acknowledgment of the deed. We think this could not avoid the deed, in the hands of a purchaser from the sheriff's vendee with notice of nothing but the record. What has he to do with the judgment after sale, if there was one upon which it could properly be made when it was made? The moment the land

> was struck down, the interest of the purchaser attached. The deed is but the legal evidence of the sale, and relates back to the moment it was made: 10 Harris 120; 4 Casey 169. If, then, there was authority to make it, that was enough. After that we think the purchaser from Andrews was not bound to look. The expiration of the lien after sale and before deed acknowledged, would not affect the title. And for the same reason, we think, would not the entry of satisfaction affect a purchaser who had notice only from the record, of the fact. As to him, the sale rests upon the authority to make it; and if this existed, it was all he need look to, so far as the judgment was concerned. The record is a safe guide to the purchaser: 1 Casey 319.

Gibson v. Winslow, 38 Pa. 49 (1860).

Although the execution purchaser need only look to the record to evaluate the property interest of judgment defendant, before the sheriff's deed has been delivered Pennsylvania permits any party in interest to seek state court relief to set aside the sale for legal or equitable reasons. Pa. R. Civ. P. 3132; see Merrill Lynch Mortgage Capital v. Steele, 859 A.2d 788 (Pa. Super. 2004) (bona fide purchaser from judgment debtor prior to sheriff sale set forth valid equitable reasons to set aside the sale). After the sheriff has executed, acknowledged and delivered a deed to the purchaser, however, Pennsylvania common law has long limited setting aside the sheriff sale solely to grounds of "fraud or want of authority to make the sale. . . ." Knox v. Noggle, 328 Pa. 302, 304 (1938); see, e.g., North Philadelphia Trust v. Hammond, 341 Pa. 77, 78 (1941); Derr v. New York Joint Stock Land Bank, 335 Pa. 309, 313-14 (1939) ("After acknowledgment and delivery of the sheriff's deed, not mere defects and irregularities, however gross, but only fraud in the sale, or want of authority to sell, can defeat the title of the sheriff's vendee. . . ."); 13 Standard Pennsylvania Practice 2d, § 76:49 (2009) ("Generally, the sheriff's deed cures irregularities and defects that make an execution sale voidable.").

13

Equitable grounds are insufficient at that stage, see Garrison v. Erb, 424 Pa. 306 (1967), as are issues such as inadequacy of price. See Knox v. Noggle.

Thus, a sheriff sale involving real property located outside the county of the sheriff that conducted the sale, therefore occurring without want of authority, can be set aside even after recordation of the deed. See McLanahan v. Goodman, 265 Pa. 43, 47 (1919). Aside of lack of authority to sell, a leading state-law commentator explains that clear evidence of fraud involving the purchaser is needed to set aside the sale after recordation of the deed. Misconduct by the mortgagee or judgment plaintiff alone does not invalidate the title of the good faith execution purchaser:

> The operation of an execution sale as a means of transmission of title may, in some instances, be frustrated by the presence of fraud in connection with the proceedings, such as where, for example, the execution purchaser is a party to a fraud in connection with the execution sale. The fact that the property was secured by means of fraud for a sum less than otherwise would have been necessary may be a factor in the determination that the purchaser's title was defective.
>
> The title of the execution purchaser is not affected by fraud to which he or she is not a party and that does not render the proceedings void.
>
> ∗∗∗
>
> Where misconduct on the part of the successful bidder at an execution sale is deemed to constitute fraud and to preclude the purchaser from acquiring an unimpeachable title to the property, the fraudulent purchaser may under some circumstances be treated as a trustee for those interested in the property. An execution purchaser, however, may not be deemed to be a trustee of the debtor, unless the evidence of such fraud is clear and unequivocal.

13 Standard Pennsylvania Practice 2d, § 75:63 (2009) (footnotes omitted); see also Hoffman v. Strohecker, 7 Watts 86 (Pa. 1836); 5 Tiffany Real Property, § 1552 (2008):

14

> The general rule is that a bona fide purchaser for value at a judicial sale will be protected although the mortgagee is guilty of fraud and responsible to the mortgagor for whatever damages the mortgagor suffers because of such fraud. A bona fide purchaser at a nonjudicial foreclosure sale may rely upon the recitals in the deed that the sale was conducted in compliance with all statutory procedures.

(footnotes omitted).

It is apparent in reading the debtor's amended complaint in this proceeding that he is aware of this common law limitation upon a challenge to a sheriff's deed that has been properly recorded. Count I asserts that the sheriff sale occurred without want of authority; it may also allege fraud in connection with the execution process. I leave to the state court its determination of the debtor's objection to the validity of the sheriff's deed held by defendants Galloway and Lange, as raised by count I.

In considering the validity of count II, although there appears to be no reported decision from Pennsylvania courts so holding, I will assume arguendo that an individual obtaining a deed from the debtor purporting to transfer his interest in the West Allegheny Avenue realty on October 31, 2008—the date of his bankruptcy filing—would have standing to challenge the June 2005 sheriff's deed delivered to Messrs. Galloway and Lange, based upon want of authority or fraud. Such a challenge, however, can not result from any bona fide purchaser status. Rather, this transferee would be on constructive notice of the recorded sheriff's deed and thus must proceed solely as assignee of the debtor's interests, with no greater rights than the debtor then had. See Gould v. Saunders, 134 Pa. 694 (1890) (purchaser at second sheriff sale of realty took subject to the rights of the purchaser of the realty at a prior sheriff sale with an unrecorded deed, because the second purchaser had constructive notice of the first sale); Hoyt v. Koons, 19

15

Pa. 277 (1852) (same); CSS Corporation v. Sheriff of Chester County, 352 Pa. Super. 256 (1986) (second purchaser had actual notice of the first sale); cf. In re Young, 156 B.R. 282, 287 (Bankr. D. Id. 1993) (under Idaho state law, a subsequent bona fide purchaser cannot defeat a prior execution sale purchaser).

If, as the debtor contends, the sheriff's deed held by the defendants can be set aside by him under state law, a bankruptcy trustee would succeed to the debtor's state law property rights by virtue of sections 541(a) and 558 of the Bankruptcy Code. If the deed conveyed no property interest of the debtor, then such property interest would be part of the debtor's bankruptcy estate. See generally Perry v. O'Donnell, 749 F.2d 1346 (9th Cir. 1984) (trustee asserts quiet title action based upon an allegedly improper deed in the chain of title); In re Hixon, 317 B.R. 771, 774 (B.A.P. 8th Cir. 2004) (declaratory judgment action brought by trustee asserting that realty should be considered property of the bankruptcy estate). A bankruptcy trustee's federal status as a hypothetical bona fide purchaser would add no additional rights under Pennsylvania law. Conversely, if, as the defendants maintain, the sheriff's deed was executed with proper authority and without fraud, recordation of the deed would preclude any avoidance of the transfer of the debtor's interest under Pennsylvania law.

This conclusion—that any hypothetical transferee of the real property from the debtor on the date of his bankruptcy filing and after recordation of a validly executed sheriff's deed would be limited to challenging the ownership interests of defendants Galloway and Lange, the two aforementioned grounds already raised by the debtor—renders distinguishable the decisions upon which the debtor now relies in arguing against dismissal of count II.

For example, In re Johnson, 2007 U.S. Dist. Lexis 98097 (W.D. Pa. 2007), In re Evans, 397 B.R. 744 (Bankr. W.D. Pa. 2008) and In re Carnes, 331 B.R. 229 (Bankr. W.D. Pa. 2005) all concerned bankruptcy trustee challenges to the validity of a duly recorded security interest granted by only one spouse on entireties property. In all three instances, the trustee successfully relied upon section 544(a)(3) to invalidate those security interests.

The debtor maintains that these decisions demonstrate that even a duly recorded instrument can be invalidated by a bona fide purchaser under Pennsylvania law. This contention, however, overlooks two important distinctions from the instant count II claim raised in this adversary proceeding.

Under Pennsylvania law, "[w]hen property in Pennsylvania is owned by husband and wife, title is held as tenants by entireties." Stop 35, Inc. v. Haines, 374 Pa. Super. 604, 610 (1988). Property that is owned by the entireties is not owned by either spouse; rather, it is owned by the marital unit. See, e.g., Lindenfelser v. Lindenfelser, 396 Pa. 530, 534 (1959). Thus, in Pennsylvania, a creditor of only one spouse cannot execute on property owned as tenants by the entireties, because the marital unit itself is not the obligor. See, e.g., Napotnik v. Equibank and Parkvale Sav. Ass'n, 679 F.2d 316, 319 (3d Cir. 1982). Accordingly, a mortgage instrument executed only by one spouse does not encumber entireties property, even if it is duly recorded. See In re Farris,194 B.R. 931 (Bankr. E.D. Pa. 1996). Furthermore, such a defect would be actually or constructively known to any subsequent purchaser from both spouses, based upon the chain of title and interests found in the recorded instruments.

Pennsylvania common law provides that a tenancy by the entireties is terminated upon divorce, the death of one spouse, or joint conveyance by both spouses. See, e.g., Plastipak Packaging, Inc. v. DePasquale, 937 A.2d 1106, 1112 (Pa. Super. 2007). "A tenancy by the entireties includes the right of survivorship; upon the death of one spouse the survivor becomes the sole owner of the entireties property." Fazekas v. Fazekas, 737 A.2d 1262, 1263 n.1 (Pa. Super. 1999). This right of survivorship is an incohate property interest that can be encumbered. See, e.g., Fleek v. Zillhaver, 117 Pa. 213 (1887); A. Hupfel's Sons v. Getty, 299 F. 939, 939-40 (3d Cir. 1924); In re Bilinski, 1998 WL 721083 (E.D. Pa. 1998). Accordingly, a mortgage provided by only one spouse does not encumber the entireties realty, but is valid against the mortgagor as encumbering his right of survivorship. That right of survivorship, however, is terminated if both spouses transfer ownership of the entireties property to a third party:

> Since property owned by tenants by the entireties is not subject to the debts of either spouse they may alien it without infringing upon the rights of their individual creditors; all claims of the latter, even though reduced to judgment, are subject to extinction in the event of the alienation of the estate by the joint act of the owners.

Murphey v. C. I. T. Corp., 347 Pa. 591, 594 (1943); see, e.g., Plastipak Packaging, Inc. v. DePasquale, 937 A.2d at 1112.

Therefore, when, as in In re Evans and In re Carnes, both spouses file a joint chapter 7 petition, a bankruptcy trustee can elect to take the role of a bona fide purchaser from both debtors by virtue of section 544(a)(3). And in that role, the recorded mortgage interest provided prepetition by only one spouse would not be constructive notice of a lien

on entireties property and so would be defeated under state law by the hypothetical transfer to the trustee.[5]

Similarly, In re Fisher, 320 B.R. 52 (E.D. Pa. 2005) and In re Zaptocky, 232 B.R. 76 (B.A.P. 6th Cir. 1999) concerned challenges to recorded mortgage instruments that contained defects under relevant state law recording statutes. In Zaptocky, the instrument was not properly witnessed. In Fisher, the mortgage, inter alia, was fraudulently acknowledged by the mortgagee. In both instances, those courts concluded that relevant state law rendered the mortgages as effective against the mortgagors but ineffective against a subsequent bona fide purchaser because, although the mortgage was duly recorded, state law prevented it from constituting constructive notice of the property interest against good faith purchasers.[6]

---

[5] In re Johnson concerned the bankruptcy filing of only one spouse, not both; moreover, the filing spouse had executed the mortgage. Section 544(a)(3) treats the trustee as the hypothetical purchaser of only the debtor's interest in real property at the time of the bankruptcy filing. When the property is owned by the entireties, a purchaser from one spouse does not take title to the property under Pennsylvania law.

[6] Whether these courts correctly interpreted relevant state law I need not decide in order to address the debtor's instant motion.

Courts have been reasonably consistent in finding that an improperly recorded instrument whose defect is apparent on the face of the instrument does not provide constructive notice of any property interest to a subsequent bona fide purchaser, and so can be avoided under section 544(a)(3). See, e.g., In re Ryan, 851 F.2d 502 (1st Cir. 1988); In re Fleeman, 81 B.R. 160 (Bankr. M.D. Ga. 1987). When the defect is not apparent from the recorded instrument itself, or from other instruments of record, some courts have held that relevant state law would still treat the challenged instrument as providing constructive notice, thereby defeating an avoidance claim under section 544(a)(3). See, e.g., In re Casbeer, 793 F.2d 1436 (5th Cir. 1986); see also Scott v. Penn Title Insurance Co., 10 Pa. D. &C.2d 129 (C.P., Berks Co. 1957).

Both Fisher and Zaptocky construed state law as invalidating recorded instruments whose defects (aside from a delay in recordation in Fisher) would not be apparent to third parties from the face of those instruments.

In this adversary proceeding, the plaintiff does not allege that the defendants' sheriff's deed failed to comport with Pennsylvania's recording requirements. Nor does he argue that the sheriff's deed, while valid against him, is invalid against good faith transferees. All five decisions cited by the debtor in support of count II contain a common theme: section 544(a)(3) is used to avoid a transfer of the debtor's real property interest that the debtor himself could not invalidate under relevant non-bankruptcy law and whose recordation was found not to constitute constructive notice to a bona fide purchaser. Accordingly, these decisions are not relevant to the present litigation.

V.

In sum, the Pennsylvania state court will determine whether the debtor, in count I, can invalidate a duly recorded prepetition sheriff's deed, applying its common law restrictions. The debtor's alternative contention in count II—that if the sheriff's deed cannot be set aside because it was non-fraudulent and executed with proper authority, it can still be invalidated by a subsequent bona fide purchaser—is incorrect as a matter of state law.

Therefore, the debtor's argument in the instant motion, that my earlier dismissal of count II for failure to state a cause of action was clear error, is unpersuasive. An appropriate order shall be entered denying his motion to reconsider, vacate or amend the June 12th order.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: July 30, 2009